UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| STILLWATER NATIONAL BANK AND TRUST COMPANY, a national banking association, | ) ) ) ) | |
|        Plaintiff, | ) ) | |
| v. | ) ) | Case No. 06-CV-0584-CVE-SAJ |
| PERRYMAN FAMILY REVOCABLE TRUST DATED NOVEMBER 1, 1997 by and through Sam Perryman, Trustee; SAM PERRYMAN, an individual; SHANNON PERRYMAN, individually and Trustee for the Perryman Family Revocable Trust dated November 1, 1997; WACHOVIA COMMERCIAL MORTGAGE, INC., formerly The Money Store Commercial Mortgage, Inc., a New Jersey corporation; WILLIAM e. BUFFINGTON d/b/a CANADIAN GENERAL FINANCE COMPANY; TRACEY L. PERRYMAN, an individual; JOHN DOE, the unknown spouse of Tracey L. Perryman' KIOWA HOLDINGS, L.L.C., an Oklahoma limited liability company, PERRYCORP, INC., an Oklahoma corporation; and KATELYN CORPORATION, an Oklahoma corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
|        Defendants, | ) ) | |
| and | ) ) | |
| SHANNON PERRYMAN, Trustee for The Perryman Family Revocable Trust Dated November 1, 1997, | ) ) ) ) | |
|        Defendant/Third-Party Plaintiff, | ) ) | |
| v. | ) | |

(continued)

|  |  |
|---|---|
| **HARTFORD FIRE INSURANCE COMPANY,** a foreign corporation, d/b/a THE **HARTFORD INSURANCE GROUP** | ) ) ) ) ) |
| **Third-Party Defendant.** | ) |

## OPINION AND ORDER

Now before the Court is Defendant/Third-Party Plaintiff's Motion to Remand (Dkt. # 11) filed by Shannon Perryman, Trustee for the Perryman Family Revocable Trust. On August 10, 2006, plaintiff Stillwater National Bank and Trust Company ("SNBTC") filed a petition in the District Court of Tulsa County seeking relief for an alleged default on a promissory note. Dkt. # 2, Ex. 2, Plaintiff's Petition. On September 18, 2006, defendant Shannon Perryman, Trustee, filed a third-party petition against Hartford Fire Insurance Company ("Hartford") seeking reimbursement under an insurance policy for the destruction by fire of a health club, which was owned by the Perryman Family Revocable Trust, and which would enable the trust to pay the promissory note. Dkt. # 2, Ex. 3, Third-Party Petition. On October 23, 2006, Hartford filed its Notice of Removal. Dkt. # 2. Defendant/third-party plaintiff, Shannon Perryman, Trustee, moves to remand the case on the ground that third-party defendants cannot remove an action to federal court. Plaintiff SNBTC and defendant Wachovia Commercial Mortgage, Inc. join Shannon Perryman's motion to remand. Dkt. ## 15, 18. For the reasons stated below, the Court grants the motion to remand.

**I.**

The first issue is whether Hartford can remove under 28 U.S.C. § 1441(c)[1], which reads:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

Congress amended 28 U.S.C. § 1441(c) in 1990. Previously, it read:

> Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

28 U.S.C. § 1441(c) (1988). The 1990 amendment clearly indicates that separate claims, which would be removable on the grounds of diversity if sued upon alone, are not removable under § 1441(c). To be removable under this section, the Court must have federal question jurisdiction.

Here, the sole basis of removal is diversity of citizenship under 28 U.S.C. § 1332 between Hartford, the third-party defendant, and Shannon Perryman, Trustee, the defendant/third-party plaintiff. There is no diversity between plaintiff SNBTC and the original defendants. Also, there is no federal question involved in either the claims between SNBTC and the defendants or between defendant/third-party plaintiff and Hartford. Thus, even assuming <u>arguendo</u> that the third-party

---

[1] It is unclear whether Hartford bases its notice of remand on 28 U.S.C. § 1441(c) or § 1441(a). In the notice for remand, Hartford states at the outset: "Please take notice that pursuant to 28 U.S.C. § 1441(c), 1446, and 1333, Third-Party Defendant Hartford Fire Insurance Company ("Hartford") removes the Tulsa County Circuit [sic] Court action described below to the United States District Court for the Northern District of Oklahoma." Dkt. # 2, at 2. In the remainder of the notice of removal, however, Hartford focuses on 28 U.S.C. § 1441(a). Therefore, the Court will determine whether Hartford can remove under either § 1441(c) or § 1441(a).

3

complaint constitutes a "separate and independent claim," it is not removable because it is not "within the jurisdiction conferred by section 1331."

Hartford bases most of its argument on a Western District of Oklahoma case, Jones v. The Federal Reserve Bank of Kansas City, 92 F.R.D. 354, 355 (W.D. Okla. 1981). However, Hartford's reliance on Jones is misplaced because the case, which interprets the meaning of "separate and independent" claims under § 1441(c) in the context of third-party claims, was decided before Congress amended that section in 1990. Now it is well-settled that a third-party defendant can never remove a diversity claim under § 1441(c). See, e.g., Florida Dept. of Ins. v. Chase Bank of Texas Nat'l Assoc., 243 F. Supp. 2d 1293, 1297 (N.D. Fla. 2002); Crucible Material Corp. v. Coltec Indus., Inc., 986 F. Supp. 130, 133 (N.D.N.Y. 1997); Bady v. Estate of Woodrow, 941 F. Supp. 71, 71-71 (N.D. Miss. 1996) ("by its clear reference to jurisdiction predicated on § 1331, i.e., federal question, removal based on this subsection [§ 1441(c)] is available only in a case in which subject matter jurisdiction is based on the claim's arising under federal law." (internal citations and quotations omitted)).[2]

## II.

The next and more central issue is whether Hartford, as the third-party defendant, can remove the action pursuant to § 1441(a). The Court determines, for two reasons, that Hartford cannot remove under this section. First, the Court does not have original jurisdiction over the

---

[2] The Court does not rule, at this time, whether a third-party defendant can remove under § 1441(c) if his claim is based on federal question jurisdiction. In fact, there is substantial authority that suggests otherwise. See, e.g., NCO Fin. Sys., Inc. v. Yari, 422 F. Supp. 2d 1237 (D. Colo. 2006); Radio Shack Franchise Dep't v. Williams, 804 F. Supp. 151 (D. Kan. 1992) The Court only notes that, here, there is no federal question jurisdiction; therefore, Hartford certainly cannot remove under § 1441(c).

"action"; thus, the clear language of § 1441(a) dictates that Hartford cannot remove the entire action based on the third-party complaint. Second, the Court holds that § 1441(a) should be strictly construed to apply solely to defendants named by the plaintiff, not third-party defendants.

**A.**

42 U.S.C. § 1441(a) reads:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

Here, the action is not a civil action "of which the district courts of the United States have original jurisdiction." As noted above, the proceeding does not arise under federal law, and there is not complete diversity between the parties. Nor is there any other basis for federal jurisdiction.

Hartford contends that the citizenship of the other named defendants in the underlying action should be disregarded in the § 1441(a) analysis because "the Third-Party Petition addresses a claim that is solely between Third Party Plaintiff and Hartford, therefore the citizenship of Third Party Plaintiff and Hartford is at issue." Dkt. # 2, ¶ 8. However, this argument is contrary to the plain language of § 1441(a). Even if the third-party claim is separate from the underlying action, which is in dispute, it is still part of the underlying action. Section 1441(a) authorizes the removal only of "any civil action." The term "action" refers to the entire case, not a separate claim filed within the action. See Florida Dept. of Ins., 243 F. Supp. 2d at 1296. This is clear when one reads § 1441(a) in conjunction with the rest of § 1441. As noted above, § 1441(c) refers to a "claim or cause of action." Thus, if Congress intended § 1441(a) to permit the removal of a claim within an action rather than an action in its entirety, then it would have used language comparable to that in

§ 1441(c). The third-party complaint is not a separate case or action, but "simply a separate part of a larger case." Id. Thus, "when a third-party complaint is filed as part of a larger case that is not itself removable, the third-party complaint also is not removable, even if its arises under federal law or is between citizens of different states and thus would have been removable standing alone." Id. Since the underlying action is not removable, Hartford cannot remove this action under § 1441(a).

**B.**

Further, the Court finds that Hartford cannot remove its claim to federal court because § 1441(a) permits only defendants named by plaintiffs to remove, not third-party defendants. This holding is consistent with virtually every other district court case.[3] Additionally, this position is consistent with the major treatise on civil procedure. See 16 MOORE'S FED. PRAC. § 107.11[1][b][iv] (3d 1997). In holding that third-party defendants cannot remove under § 1441(a), the Court looks to the language of the section, Tenth Circuit cases, legislative history, and policy considerations.

On its face, § 1441(a) does not provide substantial guidance in determining whether third-party defendants can remove. Section 1441(a) refers to "the defendant or the defendants"; it is unclear from a cursory reading of the statute whether that clause should be read narrowly to include

---

[3] See, e.g., BJB Co. v. Comp Air Leroi, 148 F. Supp. 2d 751 (N.D. Tex. 2001); Johnson v. St. Paul Fire & Marine Ins. Co., 134 F. Supp. 2d 879, 880 (E.D. Mich. 2001); Sturman v. Rush-Presbyterian-St. Luke's Med. Cts., 128 F. Supp. 2d 1141, 1142 (N.D. Ill. 2001); Estate of Pilsnik v. Hudler, 118 F. Supp. 2d 905 (E.D. Wis. 2000); Brookeover Fin. Servs., Inc. v. Beckley, 56 F. Supp. 2d 782, 787 (W.D. Ky. 1999); Galen-Med, Inc. v. Owens, 41 F. Supp. 2d 611, 614 (W.D. Va. 1999); Loyola Med. Prac. Plan v. Tromiczak, 10 F. Supp. 2d 943, 943-44 (N.D. Ill. 1998); Hayduk v. United Parcel Serv., Inc., 930 F. Supp. 584, 590 (S.D. Fla. 1996); Wormley v. S. Pac. Transp. Co., 863 F. Supp. 382, 386 (E.D. Tex. 1994); Persoff, M.D., v. Aran, 792 F. Supp. 803, 804 (S.D. Fla. 1992); Kaye Assocs. v. Bd. of Chosen Freeholders, Cnty.of Gloucester, 757 F. Supp. 486, 487-90 (D.N.J. 1991).

only those defendants named by plaintiff or broadly to include third-party defendants. Given the facial ambiguity, the Court notes that the Tenth Circuit has held that removal statutes should be strictly construed against removal. See Pritchett v. Office Depot, Inc., 420 F.3d 1090, 1095 (10th Cir. 2005) (holding that if removal is appropriate, the court should adopt a "reasonable, narrow construction"); Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995) ("there is a presumption against removal jurisdiction"); Fajen v. Found. Reserve Ins., 683 F.3d 331, 333 (10th Cir. 1982) ("removal statutes are to be strictly construed and all doubts are to be resolved against removal" (citations omitted)). Strict construction suggests that the Court should read the phrase "defendant or the defendants" narrowly and exclude third-party defendants from the ambit of § 1441.

A narrow reading of § 1441(a) is consistent with the notion of a federal court's limited jurisdiction. The right of a party to remove is statutory; thus, the Court's removal jurisdiction exists only when authorized by Congress. As the Supreme Court has ruled, "Due regard for the rightful independence of state governments, which should activate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined." Healy v. Ratta, 292 U.S. 263, 270 (1934). In the context of third-party removal, as the Seventh Circuit noted,

> To allow removal of an entire suit on the basis of a third-party claim is to bring into the federal court an action the main part of which is not within that court's original jurisdiction, and is thus to enlarge federal at the expense of state jurisdiction in rather a dramatic way.

Thomas v. Shelton, 740 F.2d 478, 486 (7th Cir. 1984); see also BJB Co., 148 F. Supp. 2d at 753 ("Allowing removal by a third-party defendant brings into a federal court a suit between the original parties which has no independent basis for federal jurisdiction. This is an unwarranted extension of the federal judicial power.").

The legislative history of § 1441(a) also supports this suggestion of narrow construction. The removal statute once provided that either plaintiffs or defendants could remove the action to federal court. It was amended in 1887 to limit the right of removal to defendants. Based on this limitation, the Supreme Court held that where a defendant filed a counterclaim against a plaintiff, the plaintiff may not remove. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109 (1941). This is true even if the defendant's counterclaim is separate and independent and would have been removable if sued upon alone. If Congress intended § 1441(a) to abridge the right of removal, then permitting a third-party defendant to remove would frustrate that intent.

Finally, in addition to federalism considerations, there are sound policy reasons to prohibit third-party defendants from removing. Allowing a third-party defendant to remove to federal court would subjugate the plaintiff's choice of forum to that of the third-party defendant. In this way, permitting the third-party defendant to remove "is too much akin to the tail wagging the dog." Lewis v. Windsor Door Co., 926 F.2d 729, 733 (8th Cir. 1991). This problem is particularly apparent in this case. Here, plaintiff sued non-diverse defendants, thereby precluding defendants from removing to federal court. If Hartford, the third-party defendant, is permitted to remove the action to federal court, then the plaintiff's choice of forum would be undermined.

The concerns about subjugating the plaintiff's choice of forum would be substantially minimized if the Court remanded the original claim between plaintiff and defendants to state court and retained the third-party claim in federal court. Section 1441(c) specifically provides that the Court may, in its discretion, remand separate and independent claims to state court. However, as noted above, Hartford cannot remove under § 1441(c), and there is no comparable provision in § 1441(a).

### III.

In sum, the Court determines that Hartford cannot remove its third-party claim under either § 1441(c) or § 1441(a). Since the third-party claim does not invoke federal question jurisdiction, § 1441(c) is inapplicable. Also, because the entire action is not removable to federal court, Hartford cannot remove the third-party claim under § 1441(a). Further, the Court holds that removal is impermissible under § 1441(a) because that provision applies only to defendants named by plaintiffs and not third-party defendants. Therefore, the Court lacks subject matter jurisdiction, and this action is remanded to the District Court in Tulsa County.

**IT IS THEREFORE ORDERED** that Defendant/Third-Party Plaintiff's Motion to Remand (Dkt. # 11) filed by Shannon Perryman, Trustee for the Perryman Family Revocable Trust is **granted**. **This action is remanded to the District Court of Tulsa County.**

**DATED** this 14th day of December, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT